IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JACQUES PAUL VILLAFANA,

    Petitioner,

v.                                                 Civil Action No. **3:12CV141**

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Jacques Paul Villafana, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Virginia Beach, Virginia ("Virginia Beach Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Villafana has responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

A jury sitting in the Circuit Court found Villafana guilty of armed burglary, malicious wounding, and two counts of use of a firearm in relation to those felonies. On September 15, 2005, the Virginia Beach Circuit Court entered final judgment with respect to the above convictions. *Commonwealth v. Villafana*, No. CR04–834, at 2 (Va. Cir. Ct. Sept. 15, 2005). Villafana appealed his convictions. On May 29, 2007, the Supreme Court of Virginia refused Villafana's petition for appeal. *Villafana v. Commonwealth*, No. 070207, at 1 (Va. May 9, 2007).

On September 6, 2011, Villafana filed a state petition for a writ of habeas corpus ("First State Habeas Petition") with the Circuit Court for the County of Brunswick, Virginia

("Brunswick Circuit Court"). *See Villafana v. Commonwealth*, No. 11–132, ¶ 3 (Va. Cir. Ct. Oct. 27, 2011). On October 27, 2011, the Brunswick Circuit Court dismissed the petition because Villafana filed the petition in the wrong jurisdiction. *Id.* ¶ 4. Specifically, that court stated:

> This Court does not have jurisdiction to consider or grant habeas relief as Villafana was convicted in the Circuit Court of the City of Virginia Beach, not the Circuit Court of Brunswick County. Virginia Code § 8.01–654(B)(1)[1] requires that a habeas petition be filed in the circuit court that entered the judgment order of conviction. As Villafana was convicted in the Circuit Court of the City of Virginia Beach, jurisdiction does not lie in this Court.

*Id.*

Thereafter, on November 14, 2011, Villafana filed a petition for a writ of habeas corpus ("Second State Habeas Petition") with the Virginia Beach Circuit Court. *Villafana v. Commonwealth*, No. CL 11–6838, ¶ 3 (Va. Cir. Ct. Jan. 5, 2012). On January 5, 2012, the Virginia Beach Circuit Court denied the petition on the grounds that the relevant statute of limitations barred the petition. *Id.* ¶ 4 (*citing* Va. Code 8.01–654(A)(2)).[2] Villafana did not appeal.

---

[1] "With respect to any such petition filed by a petitioner held under criminal process . . . only the circuit court which entered the original judgment order of conviction or convictions complained of in the petition shall have authority to issue writs of habeas corpus." Va. Code Ann. § 8.01–654(B)(1) (West 2012).

[2] That statute states in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2012).

On February 3, 2012, Villafana filed his § 2254 Petition with this Court.[3] In his § 2254 Petition, Villafana asserts:

| | |
|---|---|
| Claim One | Trial counsel rendered ineffective assistance by failing to argue for suppression of Villafana's statements as a violation his rights under *Miranda* at the suppression hearing.[4] |
| Claim Two | Villafana's conviction was "obtained by a violation of the privilege against self-incrimination." (§ 2254 Pet. 5.) |

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Villafana's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

---

[3] This is the date Villafana dated the Memorandum of Law in Support that accompanied his § 2254 Petition. (Mem. Supp. § 2254 Pet. 10.) Accordingly, the Court deems this the date Villafana placed the § 2254 Petition in the prison mailing system and, hence, the date this Court deems it filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Villafana's judgment became final on Monday, August 27, 2007, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (*citing* 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Here, the limitation period ran for more than four years and five months before Villafana filed his § 2254 Petition.[5] Hence, the statute of limitations bars the present action unless Villafana demonstrates entitlement to statutory tolling under § 2244(d)(2), belated commencement pursuant to § 2244(d)(1)(B)–(D), or equitable tolling. Neither Villafana nor the record suggests circumstances that would warrant a belated commencement under § 2244(d)(1)(B)–(D) or equitable tolling.

Furthermore, Villafana's two state habeas petitions fail to qualify for statutory tolling under § 2244(d)(2). First, the limitation period expired before Villafana filed his state habeas petitions, so no limitation period remained for tolling. *See Deville v. Johnson*, No. 1:09cv72,

---

[5] The statute of limitations expired on Wednesday, August 27, 2008.

4

2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (*citing Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Second, Villafana failed to properly file either petition. "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, *the time limits upon its delivery, the court and office in which it must be lodged*, and the requisite filing fee." *Id.* (emphasis added) (footnote omitted) (citations omitted). Villafana filed his First State Habeas Petition in the wrong court. Thus, he failed to properly file that petition. *Id.* Villafana failed to properly file his Second State Habeas Petition because the state statute of limitations barred that petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 5) will be GRANTED. Villafana's petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED.[6]

An appropriate Order shall issue.

Date:
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

12-28-12

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Villafana fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.